UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-10008-GAO

YVETTE MALICK,
Plaintiff,

v.

QUINCY POLICE DEPARTMENT,
Defendant.

OPINION AND ORDER
August 8, 2016

O'TOOLE, D.J.

On January 4, 2016, Yvette Malick filed a *pro se* complaint against the Quincy Police Department[1] alleging that she was mistreated by Quincy police officers in 2008. The Department has moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, arguing primarily that Malick's case is time-barred under the applicable statute of limitations.

According to Malick's complaint, police and a mental health worker visited her apartment on October 3, 2008. She claims that the police entered the apartment against her wishes, and that, once inside, they witnessed a civil rights violation which they failed to document. She alleges that

---

[1] A "police department" is normally not a suable entity. See Henschel v. Worcester Police Dep't, Worcester, Mass., 445 F.2d 624, 624 (1st Cir. 1971). Typically, a suit against a municipal agency or department is construed as a suit against the municipality. See id. ("If a Police Department may be successfully sued, it is the city which will pay; the result is the same as suing the city.") No individual police officers are identified by name in the complaint. Whoever the intended defendant(s), the issue need not be addressed because it is so clear that any claim arising from events in 2008 is time-barred.

the police handcuffed her, dragged her out of the apartment, and placed her face down into an ambulance. She further alleges that the police harassed her with the use of their sirens.[2]

When deciding a motion for judgment on the pleadings, the Court "must accept all of the nonmovant's well-pleaded factual averments as true, and draw all reasonable inferences in [her] favor." Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988) (citations omitted). The Court may not enter a judgment on the pleadings "unless it appears beyond a doubt that the nonmoving party can prove no set of facts in support of her claim which would entitle her to relief." Feliciano v. Rhode Island, 160 F.3d 780, 788 (1st Cir. 1998).

Although Malick does not argue that the defendant violated a specific statute, the allegations in her complaint resemble a claim that could arise under 42 U.S.C. § 1983. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (requiring courts to construe complaints filed by *pro se* litigants liberally). Section 1983 imposes liability on police officers who act to deprive persons of their constitutional rights. Saldivar v. Racine, 818 F.3d 14, 18 (1st Cir. 2016).

In order to be entitled to relief, a plaintiff who sues under § 1983 must initiate the action before the statute of limitations expires. Because § 1983 does not contain its own statute of limitations, federal courts "must lift a limitation period from state law." McIntosh v. Antonino, 71 F.3d 29, 33 (1st Cir. 1995). In this District, such claims are subject to the Massachusetts three-year statute of limitations applicable to tort actions. See Mass. Gen. Laws ch. 260, § 2A; see also Wilson v. Garcia, 471 U.S. 261, 276 (1985) (holding that the limitation period for a § 1983 claim is

---

[2] Malick also advances several allegations against parties other than the police. For example, she asserts in her complaint that the ambulance "dumped" her off at a local hospital, where doctors made disparaging remarks about her race and defamed her character by calling her a drug addict. At a scheduling conference on May 16, 2016, Malick added that the doctors imprisoned her against her will and left an object in her body. These allegations are not at issue here, however, because the Quincy Police Department is the only named defendant in this case.

borrowed from the state's law for tort actions). If an action is not initiated within three years of the alleged injury, the plaintiff is not entitled to relief.

Taking the allegations of the complaint as true, the statute of limitations had already expired by the time Malick initiated her action. According to Malick, the events that gave rise to her complaint occurred in October 2008. She has not alleged any additional offenses that have occurred since that day.[3] Given the three-year statute of limitations, Malick had until October 2011 to commence her action.[4] Malick did not file the present complaint until January 2016, many years after the statute of limitations had expired. Thus, even taking all factual allegations as true and drawing all inferences in Malick's favor, see Rivera-Gomez, 843 F.2d at 635, there is no possibility that she could be entitled to relief.

For the foregoing reasons, the Quincy Police Department's Motion for Judgment on the Pleadings (dkt. no. 15) is GRANTED. The complaint is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

[3] At the scheduling conference held on May 16, Malick referenced a 2006 incident as well. The existence of a separate incident two years earlier than the one centrally described in the complaint does not alter the analysis regarding timeliness.

[4] Although she filed a complaint in Norfolk Superior Court in September 2010, the Norfolk action is separate from the action before this Court and irrelevant to the timeliness of this action.